**E-Filed 01/26/11**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROY JOHNSON<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MONTEREY<br><br>　　　　　Defendant. | Case Number 5:10-CV-04633 JF (PSG)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>Re: Docket No. 12 |

On October 14, 2010, Plaintiff Roy Johnson, proceeding *pro se*, filed the instant action against Defendant County of Monterey, alleging employment discrimination and wrongful termination based on his disability, in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117. Johnson also alleges that the County violated his constitutional right to due process. The County moved to dismiss for failure to state a claim upon which relief may be granted. For the reasons set forth below, the County's motion will be granted with leave to amend.

## I. BACKGROUND

Johnson worked as a building inspector for the County and "satisfactory [sic] performed

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-CV-04633 JF (PSG)
ORDER GRANTING MOTION TO DISMISS
(JFEX1)

[his] duties" for approximately fourteen months.[2] Compl. ¶ 2. Johnson does not allege the dates when his employment with the County began or ended. Despite his requests not to be transferred, Johnson was reassigned to two other positions in February and March 2008. Johnson objected to these reassignments "because of [his] disabilities," of which he alleges the County was "fully aware." Id. ¶ 2. The nature of the disabilities is not described in his complaint. Johnson alleges that he requested thirty days "to obtain medical documentation from the Department of Vocational Rehabilitation to support [his] need for a reasonable accommodation," but the County denied his request. Id. ¶ 4. Johnson subsequently was able to obtain a doctor's note on his own, but he asserts that the County "ignored" it, and that the County did not provide him with "any reasonable accommodation in order to perform [his] new duties." Id. ¶¶ 3, 4.

According to the complaint, the County required Johnson to undergo a "Fitness for Duty Evaluation" without first obtaining written authorization from the county administrator or meeting the "Counties [sic] own requirements or federal regulations that [he] was a harm to [him]self and others." Id. ¶ 5. Johnson alleges that he sought "to delay the evaluation until [he] had the opportunity to seek legal counsel regarding [his] rights," but his request was denied via e-mail, which Johnson claims violated his "Constitutional Right to Due Process [sic]." Id. ¶ 7. Dr. Berg, "acting on the Counties [sic] behalf," administered an "MMPI test" and a "CPI test" on Johnson. Id. ¶ 3. Over a period of eight months, the County allegedly denied Johnson the opportunity to "rebut negative remarks made to union representation" and "libelous statements made in the letter to Dr. Berg," disclosed his disability and medical documentation without his authorization, and denied him permission to access his "employee records to find out what [he] was being accused of." Id. ¶¶ 8, 10. Johnson attests that he was unable to "present [his] case at the Skelly hearing" because he was unaware of accusations made against him, but he does not state the nature or the source of these accusations. Id. ¶ 10. Finally, Johnson claims that the County terminated him without obtaining "proper written authorization" from the county

---

[2] The facts in this section were drawn from the Plaintiff's complaint and documents that are judicially noticeable. The court assumes these facts to be true and construes them in the light most favorable to the Plaintiff for the purposes of deciding the instant motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

administrator. *Id.* ¶¶ 6, 10.

On an unknown date, Johnson filed a discrimination claim with the California Department of Fair Employment and Housing ("DFEH"), which was rejected on October 1, 2009. Def.'s Mot., Ex. B. Although the DFEH sent the rejection letter to his address of record, Johnson claims he did not have access to this and other documents for some time because his "condo is in foreclosure" and "most of [his] possessions are in storage in Salinas," which is 300 miles away from the school he attended until December 13, 2010. Pl.'s Opp'n ¶ 4. Johnson alleges that he currently is in possession of various documents that are relevant to his discrimination claim. *Id.*

## II. STANDARD OF REVIEW

Fed. R. Civ. P. Rule 8(a) requires a plaintiff to plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 544 (2007). Dismissal for failure to state a claim under Rule 12(b)(6) is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The pleading of a *pro se* litigant is held to more liberal standard than one drafted by an attorney and is afforded the benefit of any doubt. *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010). Moreover, unless it is clear that the deficiencies of the complaint cannot be cured by amendment, a *pro se* litigant must be given leave to amend. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

**A.   Johnson Has Not Stated a Claim of Discrimination in Violation of Title I of the ADA.**

Johnson claims that the County discriminated against him in contravention of Title I of the ADA by reassigning him to positions that were poorly suited to his disabilities, failing to provide him reasonable accommodation in those positions, and terminating his employment. To maintain a claim of discrimination under Title I, 42 U.S.C. §§ 12111-12117, a plaintiff must

3

Case 3:10-cv-04633-JSW   Document 21   Filed 01/26/11   Page 4 of 8

show that he is (1) disabled under the ADA (2) a "qualified individual with a disability," and (3) discriminated against "because of" the disability. *Nunez v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999); *see also* 42 U.S.C. § 12112. Because the first prong of this test is not satisfied even under the most liberal reading of the present complaint, Johnson fails to state a claim for discrimination under Title I of the ADA.[3]

To satisfy the first element of a Title I claim, Johnson must show that he has a "physical or mental impairment that substantially limits one or more of [his] major life activities," that he has "a record of such an impairment," or that he is "regarded as having such an impairment." *Harshberger v. Sierra Pacific Co.*, 26 Fed App'x 707, 709 (9th Cir. 2002); *see also* 142 U.S.C. §12102(2). In his complaint, Johnson alleges conclusorily that he has "disabilities," but he provides no specifics as to the nature of his impairment. Indeed, Johnson does not even indicate whether his disabilities are physical or mental. Because it is unclear whether Johnson's disabilities fall within the coverage of the ADA, he fails to satisfy the first element of a Title I claim and thus fails to state a claim for relief under the ADA.

**B.      Johnson's Claim Under the ADA May Be Time-Barred.**

Even if Johnson did state a claim under Title I of the ADA, the County contends that the claim would be time-barred because Johnson waited "more than a year" to file the instant action after receiving a right-to-sue letter from the California Department of Fair Employment and

---

[3] A liberal reading of the complaint could satisfy the second prong, which requires Johnson to show that he has "the requisite skill, experience, education and other job-related requirements" of the position he seeks, and that he "can perform the essential functions" of that position "with or without a reasonable accommodation." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 990 (9th Cir. 2007); *see also* 42 U.S.C. §12111. Johnson alleges that he was "hired as building inspector and satisfactory [sic] performed [his] duties for Monterey County for approximately 14 months," which implies that he is qualified for and can perform the duties of the position of building inspector. Compl. ¶ 2. Likewise, a liberal interpretation of the complaint could satisfy the third prong, which requires Johnson to show that his disability was "a motivating factor, and not the sole reason" for his unwanted reassignment and termination. *Kinney v. Emmis Operation Co.*, 291 Fed. App'x 789, 790 (9th Cir. 2007). Johnson alleges that the County was "fully aware" of his disabilities and his inability to perform his "new duties" as a result of his reassignment, to which he objected. Compl. ¶¶ 2, 3. He also alleges that his discharge "constitutes wrongful termination," suggesting that the County acted with an improper motive. *Id.* ¶ 10.

4

ORDER GRANTING MOTION TO DISMISS
(JFEX1)

Housing ("DFEH").  Def.'s Mot. 4.

The ADA requires individuals alleging employment discrimination to file a claim with the Equal Employment Opportunity Commission (EEOC) before filing a lawsuit. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002); *see also* 42 U.S.C. § 2000e-5(b). This requirement may be fulfilled by filing a claim with a state agency that has a "worksharing agreement" with the EEOC, which allows the state agency to be "the agent of the EEOC for the purpose of receiving charges." *Steifel v. Bechtel Corp.*, 624 F.3d 1240, 1244 (9th Cir. 2010). An individual may file a lawsuit when he receives a right-to-sue letter from the EEOC or a state agency that has a worksharing agreement with the EEOC, but he must do so within ninety days of receiving it. *Id*. at 1244-45. The ninety-day filing period is "a statute of limitations subject to equitable tolling in appropriate circumstances." *Id.* at 1245.

As described above, Johnson does not allege when he filed his discrimination claim with the DFEH, which has a worksharing agreement with the EEOC. *See id.* at 1244 (citing Worksharing Agreement Between California Department of Fair Employment and Housing and Equal Employment Opportunity Commission for Fiscal Year 2006 at ii). However, it is clear that Johnson received a right-to-sue letter on October 1, 2009, and that he had ninety days after that date to file a lawsuit against the County. Johnson did not file the instant action until October 14, 2010, 288 days after the statute of limitations had expired.

Despite his non-compliance with the statute of limitations, Johnson still may be entitled to equitable tolling, which may be applied in employment discrimination cases when there is "excusable delay by the plaintiff." *Veronda v. California Dept. of Forestry and Fire Protection*, 11 Fed. App'x 731, 735 (9th Cir. 2001). Johnson alleges that he did not have access to his right-to-sue letter and other documents relevant to his discrimination claim because his home was "in foreclosure" and he did not have ready access to his belongings until at least December 13, 2010. Pl.'s Opp'n ¶ 4. Although the doctrine of equitable tolling is "applied sparingly" and only in "extreme cases," it is possible that Johnson's explanation for his delay, if alleged with greater particularity, would justify relief from the statutory time-bar. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992).

**C.    Johnson Has Not Stated a Claim for Violation of His Constitutional Right to Due Process.**

Johnson also claims that his "Constitutional Right to Due Process" was violated when the County denied his request to delay his "Fitness for Duty Evaluation" until he had "the opportunity to seek legal counsel regarding [his] rights." Compl. ¶ 7. To maintain a procedural due process claim, a plaintiff must show that he was (1) depriv[ed] of a constitutionally protected liberty or property interest," and (2) "deni[ed] . . . adequate procedural protections." *Brewster v. Board of Educ. of Linwood Unified School Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Because the first prong of this test is not satisfied even under the most liberal interpretation of the present complaint, Johnson fails to state a claim for a violation of his constitutional right to due process.[4]

To satisfy the first prong, Johnson must show that he has a property interest in a benefit to which he has "a legitimate claim of entitlement." *Id.* Under the ADA, Johnson may have had a legitimate interest in refusing a medical examination required by his employer if the employer failed to comply with ADA procedures. The ADA provides that an employer may not require a medical examination "unless such examination or inquiry is shown to be job-related and consistent with business necessity." *Brownfield v. City of Yamika*, 612 F.3d 1140, 1145 (9th Cir. 2010); *see also* 42 U.S.C. § 12112(4)(A). Because the complaint neither describes the process to which Johnson claims he was entitled nor explains why he was entitled to that process, he fails to satisfy the first prong of a procedural due process claim and thus fails to state a claim for relief under the Due Process Clause.

---

[4] A liberal interpretation of the complaint could satisfy the second prong, as "the procedures the Due Process Clause requires in any given case is a function of context." *Brewster*, 149 F.3d at 983 (noting that "courts must look to the *Mathews* [balancing] test"). Johnson alleges that the County denied him the opportunity to seek counsel before undergoing his required medical examination, suggesting that the absence of counsel had a prejudicial effect on his interests and that the County could have offered him a process more comprehensive than the one it actually provided.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that the County's motion to dismiss is GRANTED with leave to amend. Any amended complaint must be filed within thirty (30) days of the date of this order.

DATED: 01/26/11

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Roy Johnson
   1895 Cherokee Drive #2
3  Salinas, CA 93906

4  William Merrill Litt
   littwm@co.monterey.ca.us

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:10-CV-04633 JF (PSG)
ORDER GRANTING MOTION TO DISMISS
(JFEX1)