**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROY JOHNSON,

    Plaintiff,

    v.

COUNTY OF MONTEREY,

    Defendant.

No. C 10-04633 JSW

**ORDER DENYING REQUEST FOR "INJUNCTION RELIEF OR ARBITRATION HEARING"**

On April 20, 2012, this Court issued an Order construing Plaintiff's "Due Process Brief," as his Second Amended Complaint and dismissing this action with prejudice. On May 11, 2012, Plaintiff filed a document entitled "Injunction Relief to Restore My Job or Send Case to Arbitration Hearing." (*See* Docket No. 48.) In light of Plaintiff's *pro se* status, the Court shall construe the request as a motion to alter or amend the judgment under Rule 59(e) or 60(b). The Court concludes that a response from the Defendants is not necessary.

There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" (2) the moving party presents "newly discovered or previously unavailable evidence;" (3) the motion is necessary to "prevent manifest injustice;" or (4) there is an "intervening change in controlling law." *Turner v. Burlington Northern Santa Fe Railroad*, 338 F.3d 1058, 1063 (9th Cir. 2003). While "Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted). "Rule 59(e) may not be used to relitigate old

matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 467 n. 5 (2008) (internal quotes and citations omitted); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Federal Rule of Civil Procedure 60(b) provides that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff's argument is premised upon the fact that he "asked in the event that [his] 1983 claims were dismissed that the Court, since I was denied his right to a fair and impartial Skelly Hearing and that after a full evidentiary Arbitration Hearing, would grant injunction relief and restore me to my previous position of Building Inspector, or kick the case back and order that I would be provided the opportunity of an Arbitration Hearing." (Docket No. 48, Mot. at 2.) In essence, Plaintiff asks the Court to remedy his alleged wrongs, even though the Court concluded he had not stated a claim that would provide him that relief.

Plaintiff also refers to facts that he believes the Court was not aware of and did not consider when ruling on the Defendant's motion and reviewing the Second Amended Complaint. (*Id.* at 2-3.) However, Plaintiff did include those facts in his allegations. The Court concluded that they still did not give rise to a claim for relief under Section 1983, because Plaintiff only named the County of Monterey as a defendant and he had not alleged facts showing that the County had a custom, policy or practice that relates to his alleged violations of his due process rights. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691

(1978); *Blair v. City of Pomona*, 223 F.3d 1074, 1079 (9th Cir. 2000); *Oviat v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Having considered Plaintiff's request, the Court concludes that he fails to show that relief is warranted under Rule 59(e) or Rule 60(b). Therefore, the motion to alter or amend judgment is DENIED. Because Plaintiff's motion to alter or amend judgment was filed within twenty-eight days of the Court's entry of Judgment, the time in which Plaintiff may file an appeal, if he so chooses, runs from the date of the entry of this Order. *See* Fed. R. App. Pro. 4(a)(4)(A).

**IT IS SO ORDERED.**

Dated: May 24, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROY JOHNSON,

    Plaintiff,

  v.

COUNTY OF MONTEREY et al,

    Defendant.

Case Number: CV10-04633 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roy Johnson
P.O. Box 5371
Corning, CA 96021

Dated: May 24, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk